**FILED**

**FEB 2 6 2016**

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony Simmons,                )
                                )
    Plaintiff,                 )
                                )
v.                              )   Civil Action No. 16-167 (UNA)
                                )
U.S. District Court et al.,     )
                                )
    Defendants.                )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed. *See* 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio. He sues the U.S. District Court for the Northern District of Illinois, the clerk of that court, and U.S. District Judge Amy J. St. Eve. In the complaint captioned "42 U.S.C. § 1983 et. seq., Privacy Act, and State Law Claim and Complaint of Professional Malpractice, Negligence, & Records Errors," plaintiff alleges that the court has maintained "inaccurate, incomplete, forgery, irrelevant material," which Judge St. Eve has relied on in making adverse decisions. Compl. ¶¶ 1, 3. Plaintiff claims, among other wrongs, that the court "makes Policy by 'standing orders' and who facilitates clerical misfilings and mislabellings [sic] if such is party to blame for the delay in records and adverse decision Privacy Amendment cancellation request sought to date." *Id.* ¶ 4. Plaintiff sues "the clerk [as] the record keeper with botched records," *id.* ¶ 3, and he surmises that "the Clerk of Court agency may be liable for delay of resolution at issue, through their

1

screening practice mislabeling, and not docketing pro se litigants' motions for timely review," *id.* ¶ 29.

Plaintiff alleges that "[f]rom initiation of Court action to present, [he] has been 'CRYING FOUL-PLAY' " to Judge St. Eve, "his counsel, and whoever would listen, that U.S. Attorneys and investigators were record-rigging a fabricating evidence to frame him." *Id.* ¶ 13. He mistakenly contends that this Court "has broad statutory and prudential oversight and supervision authority over all acts and decisions of United States Corporate Officers, employees, and persons probably because all of the master Human Resources" are located in the District of Columbia. *Id.* ¶ 9. But this Court has the same authority as its sister court in Illinois. *See* 28 U.S.C. § 132 (Creation and composition of district courts); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (noting that "[b]y filing a complaint in this Court against federal judges who have done nothing more than their duty . . . Fleming has instituted a meritless action") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)).

Notwithstanding the frivolous nature of the complaint's allegations, the Court will dismiss this action for three other reasons. First, the Privacy Act, 5 U.S.C. § 552a, does not apply to 'the courts of the United States.' " *Fuller-Avent v. U.S. Prob. Office*, 226 F. App'x 1, 2 (D.C. Cir. 2006) (citing 5 U.S.C. §§ 552a(a)(1), 552(f)(1), 551(1)(B)). Second, § 1983 creates a private cause of action against a person acting under color of State law and, thus, does not apply to the federal defendants sued here. Third, judges and clerks of court are absolutely immune

from lawsuits based on acts, as alleged here, taken in their official capacity. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Hence, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: February 22, 2016                     United States District Judge